J-S15017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF A.A.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: W.S., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1516 WDA 2024 |

Appeal from the Decree Entered October 31, 2024
In the Court of Common Pleas of Armstrong County Orphans' Court at
No(s):  No. 24 of 2024

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

DISSENTING MEMORANDUM BY FORD ELLIOTT, P.J.E.:
**FILED: NOVEMBER 19, 2025**

I very respectfully dissent.  In my view, the trial court properly terminated Father's rights pursuant to 23 Pa.C.S. § 2511(a)(5) and **In re Adoption of J.J.**, 515 A.2d 883 (Pa. 1986).  As such, I would affirm the trial court's decision to terminate Father's parental rights to Child.

The Majority accurately represents the factual and procedural history of this case.  **See** Majority, at 1-7.  Furthermore, I agree with the Majority's recitation of our standard of review.  **See id.** at 8.  However, I must disagree with the Majority's legal conclusions that there is not clear and convincing evidence to support the court's determination that Father's parental rights to

---

[*] Retired Senior Judge assigned to the Superior Court.

Child should be terminated under Subsection 2511(a)(5). Additionally, I disagree that our Supreme Court's decision in *J.J.* is distinguishable.

Although the Majority correctly notes that our Supreme Court did not specifically address a challenge under the first prong of Subsection 2511(a)(5) in that case, that Court had no question that clear and convincing evidence established satisfaction of all the requirements under Subsection 2511(a)(5). *See J.J.*, 515 A.2d 890. Further, our Supreme Court was aware that the parent in that case never had custody of, nor provided support to, the child, but found the evidence sufficient to terminate parental rights pursuant to that subsection, nonetheless. *See id.* at 889. As noted by the Majority, this case has identical facts to those in *Interest of E.D.A.*, 683-687 MDA 2022, 2023 WL 8650259 (Pa. Super., filed Dec. 14, 2023). *See* Majority, at 15 n.11; *see also* Pa.R.A.P 126(b) (permitting citation of Superior Court's non-precedential decisions filed after May 1, 2019, for their persuasive value).

Thus, I conclude, on this record, that there was sufficient clear and convincing evidence establishing proper termination of Father's parental rights to Child under 23 Pa.C.S. § 2511(a)(5). Accordingly, I respectfully dissent and would affirm the trial court's order.